IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT
PENNSYVANIA


Jermain Bradford
    Plaintiff

      VS.               Case No. 1.19-CV-1023


United States Of America
    Defendant


in re: Federal Tort Claim Act Suite      **FILED**
                              HARRISBURG, PA

            - and -       JUN 17 2019

                     PER _____
                     DEPUTY CLERK


Jermaine Bradford
    Plaintiff


    VS,


Katie Foalds
Bureau of Prisons Employee
FCI Schuylkill Unit Secretary
--- Defendant --- and --
Unit Manager Raup, C.O. John Doe One and Two,
SIS, Lieutenant Smith, Counselor John Doe One,
Counselor John Doe Two, Counselor Newton,
Lieutenant Cian, SIS Lieutenant Reedy, Counselor John Doe Three.
in re: Bivens Claim Act (Bivens 403 U.S. 388 (1977)).

## JURISDICTION

Plaintiff, a federal prisoner brings the FTCA suite and BIVENS suite at the same time. 28 U.S.C. 2679, The Federal Tort Claim Suite is brought against The United States for personal injury caused by the negligent and unlawful acts of Federal B.O.P. employee while acting within the scope of their official employment. 28 U.S.C. 1346(b)

The Bivens Claim Suite is brought against defendant Katie Foulds for violations of my Constitutional Right under the Eighth Amendments proscription against cruel and unusual punishment by her repeated sexual assault which constituted rape, Inter-related to, and as a consequence of the sexual – assault/rape, the following is presented: The Bivens Claim Suite is also brought against defendants; Mr. Raup Unit Manager-FCI Schuylkill; Correctional Officer John Doe One and Two - FCI Schuylkill; SIS Lieutenant Mr. Smith-FCI Fairton; Counselor John Doe - FDC Philadelphia; Counselor John Doe - FCI Allenwood; Counselor Newton - FCP Canaan; Lieutenant Mr. Cian, SIS, Lieutenant Mr. Reedy, Counselor John Doe -FCC Allenwood. Said defendants involved in various types of retaliation brought against me in violation of my First Amendment right under the Constitution.

## VENUE

Venue is proper in this district pursuant to 28 U.S.C. 1391 because the defendants either reside in this district or the substantial part of the events giving rise to Plaintiff's claims occurred in this district and/or stemmed therefrom.

## AFFIDAVIT

Under penalty of perjury of the laws of the United States I swear that all statements I've presented herein are true and correct, and that all referenced Attachments/Appendix are certified true and correct. (28 U.S.C. 1746)

Signed: Jermaine Bramford

Jermain Bradford
Plaintiff
Dated: June 11th 2019

## PRO SE PETITION -- STANDARD OF REVIEW

Plaintiff is currently proceeding pro se with this complaint. Respectfully, Plaintiff moves this Court to employ a less stringent standard than when judging the work product of an attorney. See eg. Haines v. Kerner, 404 U.S. 519 at 520-21 (1972). When presented with a pro se complaint, the Court should construe

- 3 -

the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged, <u>Dluhos v. Strasberg</u>, 321 F.3d 365 at 369 (3rd Cir. 2003). In civil actions the court must apply the applicable law, irrespective of whether the pro se litigant has mentioned it by name, <u>Higgins v. Beyer</u>, 293 F.3d 683 at 688 (3rd Cir. 2002)

## PARTIES INVOLVED

Plaintiff Jermain Bradford is a Federal Prisoner who was a resident of FCI Schuylkill in Minersville PA at all times material to this action, (primary claim of sexual abuse/assault -rape)

Defendant United States is responsible under the FTCA for the behavior of federal employees while acting within the scope of his or her employment. 28 U.S.C. 2679(b)(1). Plaintiff sues Defendant for personal injury caused by neglant and/or unlawful acts of Federal BOP employees.

Defendant Katie Foulds is/was a secretary for the BOP at FCI Schuylkill, Unit 3A Office area, Defendant Foulds was acting under color of state or federal law and BOP Policy at all times relevant to these civil actions. As a secretary for Unit 3A her duties were secretarial in nature.

-4-

Acting in this capacity, Defendant Foulds has not acted in compliance with BOP Policy and State and Federal Law as a reasonable person would have used in the same situations which resulted in negligence, intentional negligence. Her acts of repeated sexual abuse constituted rape. Violation of Plaintiff's Constitutional Right under the Eighth Amendment resulting in cruel and unusual punishment. Plaintiff sues Defendant Foulds in her individual and official capacities.

~~GENERAL~~

GENERAL FACTUAL ALLIGATIONS APPLICABLE TO ALL CLAIMS

Plaintiff hereby incorporates his BACKGROUND – FACT SUMMARY herein by reference, inserted next page. (Fact Summary is 8 pages and supported by Sworn Affidavit) SEE FOLLOWING PAGES

STOP    HERE
         ↓ NOTE:
( Start the Federal Tort Claim on the
  top of a fresh page )

-5-

BACKGROUND   FACT SUMMARY

**Affidavit:** I hereby swear under penalty of the laws of the United
States that the following is true and correct to the best of my
knowledge and belief. (28 U.S.C. § 1746)

Signed: _Jermaine Branford_
Jermaine Branford
Dated: _6/11/19_

1) I was sentenced to 188 months in Federal prison for violation
   of 846(a) Conspiracy To Possess With Intent To Distribute 50
   or More Grams Of Cocaine Base. (Case No. 09-CR-676-NAM)

2) On/ about January 2013, I was transferred to FCI Schuylkill in
   Minersville, PA. I was housed in Unit 3A.

3) On/ about June 2016 Counselor Gerry Telemantes assigned me the
   head orderly position. One of my various duties involved working
   in the Unit Office area.

4) On/ about August 2016 Katie Foulds started working in the Unit
   3A Office area as a secretary.

5) Sometime thereafter, I had written a letter to my sentencing
   Judge regarding an amendment to the Guidelines that could
   afford a sentence reduciton. I took the letter to Mrs. Foulds
   and asked if she could check if my grammar and spelling were in
   order. She agreed so I left the letter with her.

6) When I returned to pick up the letter, we had a discussion about the grammar/ spelling and its subject matter. Mrs. Foulds also asked me what prison was all about, which we also discussed.

7) **Unbeknowst to me at that time, Mrs. Foulds had sexual issues in her mind.** It was a few days later, when she gave me a compliment on how nice I looked in my khaki uniform. I told her thank you, at that point in time believing she was just being nice.

8) Over the course of the next three weeks she told me that she was very attracted to me. I honestly didn't know what to say.

9) For the next week or so I stayed clear of Mrs. Foulds. However, as head orderly I had to work in her area. **Her sexually based comments continued.**

10) Shortly thereafter Mrs. Foulds again caught me off-guard, so to speak, when she told me of her husbands' infidelities while she was pregnant with their second child. She also told me that her and her husband were swingers and that one of their sessions involved a black man. That she enjoyed that swinging session and wanted another. She then told me that she had feelings for me and she got wet thinking about me.

11) She went on to tell me that her husband's infidelity took place with another woman who was the mother of his child. That although they were swingers, he promised not to have sex without her being present and involved. She said she was going to get him back for lying, and hurting her.

12) That weekend, Saturday morning, she told me to follow her into the counselor's office. She said she had to catch up on some of her work. Once in the office she locked the door. On the weekends no one else was working in the office area.

2

13) **She told me that we are having sex. That if I didn't, she would
scream rape.** I was scared to death and she knew it. She said
who do you think they will believe, a black crack dealer serving
federal prison time or a white federal employee? We had sex and
I did everything she wanted. I was scared to death. I figured if
we got caught they would beat me nearly to death. I then knew
that she was not right in the head, that she had some type of
sex-addiction.

14) **When we finished she told me that if I said anything to anyone
she was going to tell them that I threatened to have her family
killed if she didn't have sex with me.** I knew she was serious
about that. I found myself in a bad situation. I had been raped
and didn't know how to handle it.

15) Following that encounter I avoided her for the next three weeks.
However, she eventually called me into her office and apologized.
She gave me some fresh baked muffins and some food from the
officers mess-hall. I accepted her apology and the food. I didn't
want to upset her because of her previous threats.

16) Shortly thereafter she told me that she told her husband that
she was messing with an inmate. I was convinced she was crazy
and I was scared to death. I asked her why would you do something
like that. She replied that she wanted to hurt him like he had
hurt her, by having sex with another woman. I was being used by
this crazy lady to get revenge on her husband. I then begged
her to tell her husband that she was lying to him just to hurt
him.

17) She did tell me at a later date, that she told her husband that
she was lying to him, that I didn't have to worry about that.
However, she then told me that she was in love with me. I felt
that I had to pretend to be in love with her because I didn't
know what she was going to do if I rejected her.

18) In the back of my mind I thought that if she does feel I don't love her and reject her in any way that she will tell someone I had raped her, using the threat of killing her family. Who will they believe if it comes to that? Her as a married white woman with children, or me as a black crack dealer with a lengthy criminal record. I was scared to death. I figured I would get beat down and end up with a life sentence in prison.

19) What followed were numerous sexual encounters. I can recall at least twelve quicky sexual intercourse sessions. There were four sessions on the weekends which lasted an hour or so each. She always wanted more. Giving me blow-jobs, asking me to perform oral sex on her too.

20) With each and every sexual advancement by her I knew that she was one step away from screaming rape, which she was going to say was because of threats I made to have her family killed if she didn't do what I told her to do.

21) I literally felt like a prostitute, her personal prostitute with no way out.

22) Fortunately, on/ about 6-17-2017 the sexual abuse came to an end. I was taken to lock-down (S.H.U.) Captain Nye advised me it was above his pay-grade to tell me why I was being locked up. I was scared to death.

23) Intially I was questioned by the Associate Warden who I lied to because of what Mrs. Foulds had said she was going to say if ever caught. This transpired on 6-17-2017 (on/ about). I did not know how to best handle the situation. I was in fear for my safety and well being. I had good cause to be fearful.

24) Also on/ about 6-17-2017 I was questioned by two men from the Department of Justice. The whole time they were questioning me AW and SIS Lieutenent were there and mean-mugging me with looks that led me to believe if I said anything I would be dead.

4

I was scared of all the circumstances that had developed. Especially the threats Mrs. Foulds saying I raped her by using the threat of having someone kill her family.

25) **True to Mrs. Foulds threats, the two men from the DOJ advised me that Mrs. Foulds had told them I had raped her by using the threats of having someone kill her family.**

26) The two men from the DOJ also told me that they didn't believe her, that somehting from her story didn't add up. Still, I did not tell them anything, in part, for fear of what may happen if I do, especially considering the AW and SIS Lieutenants' threatening looks.

27) On/ about 6-19-2017 my Unit Manager Mr. Raup told me that Mrs. Foulds came to the prison and admitted everything, and then resigned. That she left the prison accompanied by her husband and she would not be back. She admitted to having sexual intercourse with me, per advisement of Mr. Raup. **To date, I do not know the actual details of her admissions. I believe she limited what facts she told them.**

28) This is the point in time that various types of retaliation were brought against me. Starting with being roughed-up by the CO's in my cell. At one point, being slammed really hard on the floor on my left side. I was bruised up pretty good, but they did not hit me in the face where it would show. The numerous transfers that followed were more retaliation.

29) On/ about 6-19-2017 I was taken to a hospital in Lewisburg, PA where they used some type of **Rape Test Kit** on me. I also had spoken to an Advocate for rape victims. They had evidently advised, (the BOP Officials) that I was a rape victim. I was treated as such at the hospital. **Still, I do not know the extent of the actual facts that Mrs. Foulds admitted to.** I also talked

5

with the Rape-Sex Abuse Organization at the Hospital in
Minersville, PA on/ about 6-19-2017.

30) On/ about 6-21-2017 I was transferred to FCI Fairton, NJ.
Shortly after arrival the SIS Lieutenant, Mr. Smith threatened
to "fuck me up" if I even look at a female, and find myself
facing assault charges. I stayed in Fairton for approximately
two months. In fear the whole time.

31) On/ about August-September 2017 I was transferred to FDC
Philadelphia where I stayed for about three weeks in the SHU.
More retaliation. While there my left upper leg was still
hurting from when I got slammed while at Skuylkill. I had
advised medical that my leg was hurting. The medical official
acted like I was lying. They didn't even look at my leg.

32) On/ about September-October 2017 I was again transferred. In
part, because I was not supposed to be in the SHU, I should have
been in population. They transferred me to Brooklyn MDC.

33) The very next day at Brooklyn MDC my leg swelled up really bad,
the pain was unbelievable. They eventually rushed me to a
hospital in downtown Brooklyn, where I was admitted to the
emergency room. The next day they discovered a massive blood
clot in my left thigh which was caused from the damage I
recieved from being slammed while at Schuylkill. I was treated
and advised I would need blood thinners the rest of my life.

34) Shortly thereafter, I was transferred to FCP Canaan and then
taken to FCI McKean, PA. Which took place on/ about October-
November 2017. McKean could not handle my medical conditions
so I was taken back to FCP Canaan where I stayed approximately
three weeks before being redesignated to FCC Allenwood.

6

35) I tried to explain to Counselor Newton at FCP Canaan that I could not be at FCC Allenwood because Mrs. Foulds' mother works there. I told the Counselor I was gravely concerned. He would not listen and I was transferred to FCC Allenwood.

36) When I arrived at Allenwood I advised both, Lieutenant Cian and SIS Lieutenant Reedy that I should not be there because Mrs. Foulds' mother worked there. They gave me the now, usual verbal threats and placed me in general population. I was in fear from further retaliation.

37) About one week later I was placed in the SHU under involuntary protective custody. This stemmed from a bogus shot (disciplinary report) that was later dismissed because it was, in fact, bogus. They would not let me back out into population for apparent reasons, i.e., Mrs. Foulds' mother working there. I stayed in the SHU until I was redesignated and trasferred.

38) Also while I was being housed in Allenwood I had another consultation with a Rape-Sex Abuse Counselor which transpired on/ about 11-12-2017. Unfortunately I was having a very hard time and had suicidal issues resulting in additional counseling and treatment with medications, Prozac and Buspirone.

39) On/ about January 2018 I was transferred to FCI Terre Haute, Indiana. In part, because of the blood clot and related blood thinners I have to take the remainder of my life. Once again, upon arrival I recleved the now, usual verbal threats related to the rape at Schuylkill. Every institution I have been to makes me feel as if I had committed the rape.

40) I am currently housed at FCI Terre Haute and living in general population.

41) Due to the overall facts and circumstances addressed in this fact summary, my family and I have been in contact with some attorneys who handle civil cases. We are seeking competent counsel and will be proceeding accordingly.

42) Please note, the aforementioned facts are a fairly good outline. However, the detailed facts that may have to be disclosed to a jury are much more extensive. I am praying that this matter can be resolved without a jury trial in Federal court.

Respectfully and Sincerely,

Dated: 6/11/19

x _Jermaine Bradford_

Jermaine Bradford
# 12474-052
F.C.I. - Terre Haute
P.O. Box 33
Terre Haute, IN 47808

Copy: File

# FEDERAL TORT CLAIM

Plaintiff brings this action against defendant, United States Of America. The claim is for personal injury caused by acts, illegal acts, of a Federal Bureau Of Prison's employee(s) while acting within the scope of their official employment. In this regard, the aforementioned FACT SUMMARY demonstrates negligence on behalf of Defendant Fields which constitute multiple sexual abuse/assault acts amounting to rape. The following is submitted in further support of this Federal Tort Claim.

1) Plaintiff has presented his claim, i.e., BOP Tort Claim which is currently ongoing.

Following disclosure of the sexual abuse/assault constituting numerous acts of rape, a pattern of retaliation followed. Including, but not limited to, threats, physical assault, numerous transfers, -- and -- interventions by BOP Staff regarding Plaintiff's efforts to get his grievances and BOP Tort, underway in a timely fashion.

Regarding same, the facts and clarified details are outlined infra, under Petitioner's First Amendment Claim for retaliation. Said facts and circumstances are incorporated

herein by reference and relied upon.
In short, Plaintiff's initial attempts to get
his BOP Tort submitted were met with
intervention by BOP staff. Retaliation.

Once Plaintiff was transferred to FCI
Terre Haute, he submitted his BOP Tort again,
this time it went to the wrong office. It
was not returned, and no response was ever
afforded. Upon discovery of having sent it to
the wrong office, it was readdressed
accordingly and mailed on March 20, 2019
to the Regional Director in Philadelphia PA.,
who has acknowledge receipt and processing
via a letter dated April 1, 2019. The reasoning  OVER→

\* See Attachment - A: BOP Tort  3-20-19
\* See Attachment - B: Letter from Darrin Howard,
                        Regional Counsel 4-8-19

Based upon the collective facts and circumstances
that have delayed the BOP Tort from getting to
its appropriate designation, Plaintiff urges
consideration of same under application
of equitable tolling so it can reach its
required resolution.
                    (If necessary)
Plaintiff moves the Court to accept his FTC timely
filed and hold further action until the required
resolution by the federal agency now processing the

The BOP Tort Claim was ultimately submitted to the approiate Federal Agency within two years after the claim accrues. 28 U.S.C. 2401(b). The Plaintiff is confronted with a two year limitation to file his FTCA which he has met. It is the [final disposition] of the Agency Tort that is not available due to unethical acts and circumstances outside of his control.

2) Per BOP Policy, Katie Folds was to receive Training and Education pursuant to "115.31 Employee Training" at subsection (a) "The agency shall train [all] employees who may have contact with inmates on: (1) Its zero-tolerance policy for sexual abuse and sexual harassment". Id. In fact, at subsection (a)(10)(c) it addresses, "New Employees. For new employees, a discussion of the Sexually Abusive Behavior and Intervention Program must be a part of Introduction to Correctional Techniques Phase-1 and Phase-2." Defendant Foulds was aware of the BOP Zero Tolerance Policy.

3) The Plaintiff suffered hours of sexual abuse by Defendant Foulds. Under BOP Policy, Statute 115.6 Defines sexual abuse, which, includes sexual abuse of an inmate by a staff member. In the present case, involving oral sex by Defendant Foulds. Sexual intercourse with/to

-8-

Defendant Foulds at her demands, both vaginal and to her anus. Defendant Foulds often had, at her demands, contact between her mouth and my penis. All to gratify her sexual desires. She also had me play with, and suck on her breast. She also made me perform oral sex to her vagina. All at her demands, all to gratify her sexual desires.

4) Defendant Foulds demands were met because of her [often reminded threat] of screaming rape if I didn't comply. I became her sex slave. I believe Defendant Foulds has a severe addiction to sex. She pressured me into having all sorts of sex as stated above. She knowingly violated the law, repeatedly.

5) Defendant Foulds has made me a victim of sexual abuse/assault that constitutes rape.

6) Having to live, under her threats of screaming rape if I didn't perform as she desired has caused extream psychological issues, including thoughts of suicide.

7) The threat of contracting a sexually transmitted disease, such as HIV, is always affecting my daily life. Living in fear that Defendant Foulds unlawful sexual assault/rape has led

to a death sentence. Basically, substantial concerns over contracting such a disease that will result in murder on her behalf.

8) Defendant Foulds threats to me of her screaming rape --- did in fact transpire upon disclosure of her sexually abusive behavior. That is exactly what she did!

9) To date, Plaintiff lives in the prison environment where he has thoughts of, never-ending thoughts of additional retaliation.

10) Plaintiff has suffered extensive psychological trauma, which most likely, adversely affect the remainder of his life.

The FTCA allows federal prisoners to pursue lawsuits against the United States in an effort to recover for personal injuries sustained during confinement by reason of negligence of government employees. The extream sexual abuse/assault constituting rape against the Plaintiff, amounted to extensive cruel and unusual punishment. It was a direct violation of BOP Plicy for Defendant Foulds numerous acts of sexual abuse. It was a violation of the law for her unethical conduct as a government employee. Rape is a severe crime. It appears that Defendant

Foulds eluded criminal prosecution by her resignation to employment with the BOP. Her negligent acts are unexcusable negligence.

11) As a result of Defendant Foulds negligence, Plaintiff has suffered extream psychological trauma. Still suffering from it today and will most likely be adversely affected the remainder of his life. For all of the pain and suffering, mental anguish already endured, and for all that follows, Plaintiff seeks a total sum of at least two million dollars.

## PRAYER

Plaintiff respectfully requests that this Court render judgement against defendants for the total sum above. Including whatever pre - and post judgement interest may be allowed by law. And that Plaintiff be awarded cost of suite.

Respectfully submitted,

Jermaine Bufd

Jermain Bradford

## CERTIFICATE OF MERIT

Plaintiff submits that typical requirements

of Pennsylvania Rule 1042.3 can be satisfied in this case under Rule 1042.3(a)(3) which clarifies, under subsection (3) that expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim. Id.

The gravemen of this negligence claim involves sexual assault/abuse constituting rape which was a violation of BOP Policy and the Law. Defendant Foulds has admitted to violation of the BOP Policy and Law. She quit her job to escape criminal prosecution. These undisputable facts are something that is apparent without the necessity or benifit of an expert witness. Plaintiff's notice of his reliance on 1042.3(a)(3) satisfies the Certificate of Merit requirement in this particular case, respectively.

Plaintiff compares his circumstances to those addressed in Bennett v. Prime Care Inc., 2018 LEXIS 159139, Middle District Pennsylvania -- where the Court found that Bennett's reliance on 1042.3(a)(3) satisfied the Certificate Of Merit requirements. Plaintiff respectfully relies on same.


RETALIATION AND EQUITABLE TOLLING


Plaintiff submits that numerous transfers that followed disclosure of the sexual abuse/assault

-17-

addressed in the Fact Summary, and the
interventions with the Administrative Remedy
Process should warrant any necessary
equitable tolling in this case. In part,
Plaintiff moves for consideration of the following:

a) On/about 6-21-2017 I was transferred to
FCI Fairton where I received a BP-8 from
the counselor (name unknown) and I filled
it out and gave it back to the counselor
for processing. The subject matter was the
sexual abuse. I was transferred shortly
thereafter and did not ever receive a response.

b) On/about August-September 2017 I was
transferred to FDC Philadelphia where I
again acquired a BP-8 from the counselor
(name unknown) which I filled out and gave
back to the counselor for processing. The subject
matter was the sexual abuse; This took place
while I was housed in the SHU. I was again
transferred shortly thereafter and did not
receive a response.

c) On/about September-October 2017 I was again
transferred, this time to MDC Brooklyn.
While there I suffered from the blood clot.
(caused from the officers cuffing me up at Schuylkill)
The hospitalization and my short time there

– 13 –

did not even afford the opportunity to speak with the appropriate counselor in order to again file a BP-8 on the subject matter at issue.

d) Upon transfer to FCI Canaan I spoke to Counselor Newton and acquired a BP-8, filled it out and gave it back to him for processing. When I spoke with him next, he advised I had been re-designated to Allenwood FCC, I told him that I could not go there because Defendant Foulds mother worked there. He said there was nothing he could, or would do to potentially prevent the transfer, I never received any response to the BP-8.

e) Upon transfer to Allenwood I immediately advised Lt. Cian and SIS Lt. Reedy that I should not be there because Defendant Foulds mother worked there. Nonetheless, I received the general threats about staying away from female staff and placed in population. Shortly thereafter, about a week or so, I was locked up in the SHU on a bogus shot. Said shot was later dismissed because it was, in fact, bogus. While in the SHU I got another BP-8 from a counselor (name unknown) and filled it out and turned it in for processing. I also became suicidal which resulted in additional treatment and medications. In

part, the suicidal issues were a breaking point. The emotional stress was something I could not deal with, on my own, any more. Also while being housed in the SHU I had another meeting with a Rape-Sex Abuse Counselor. I did not ever receive a reply to the BP-8 while at Allenwood.

f) From Allenwood I was again transfered. This time to FCI Terre Haute where I remain at this time. I waited for the aforementioned BP-8's to catch up to me here. That never happened. Moreover, as previously mentioned, the address provided to me for the Tort Claim was not correct. I do not know if staff intended to give me the wrong address. However, due to their experience they should have known the correct address. Upon discovery that the Tort was sent to the wrong address, it was remailed to the correct address and is ongoing at this time.

Furthermore, the BP-8 submitted at Terre Haute has made its way to the final stage, having a final response due on/before June 16, 2019. Copies of the BP-8, 9, 10, and 11 and their respective responses are provided as Attachments-C.

The aforementioned facts and circumstances show a pattern of retaliation. The numerous

transfers, Interventions with the Administrative Remedy process, and the other matters. In consideration of the totality of the circumstances, Plaintiff believes that any necessary tolling should be afforded under equitable tolling. In sum, the extraordinary reasons shows that BOP intervention was ongoing, which included deception causing additional delays.

## RETALIATION SUB-CLAIM

Plaintiff contends that his First Amendment Right has been egregiously violated. This claim is inter-twined to the sexual abuse/assault and rape claim underlying this complaint. As such, Plaintiff seeks to have it considered in conjunction with the primary claim. Being supported by the aforementioned facts.

## BIVENS CLAIM

Eighth Amendment Violation Sexual Assault - Abuse And Rape Claim. Plaintiff sues the OVER →

The Plaintiff submits all of the aforementioned facts and circumstances in support of this claim. (All inter-related to the Tort Claim)

in re: p.16

→ the Defendants in their individual and officials capacities.

Federal Courts have established that sexual abuse serves no legitimate law enforcement or penological purpose. In this case there is no doubt that the [severe and repetitive sexual abuse] to Plaintiff by Defendant Foulds, a BOP employee, constitutes an Eighth Amendment violation. See eg, Rodriguez v. McClenning, 399 F.Supp. 2d 228 (S.D. New York 2005)(discussing same, and acknowledging, "The consistency of the direction of change to states' laws, as well as the overwhelming number of states that now prohibit this conduct, demonstrate a national consensus that any sexual assault of a prisoner by a prison employee constitutes cruel and unusual ~~punishment~~ punishment.")

Factual Background is worth restating. Defendant Katie Foulds became employed by the BOP as a Unit Secretary at Schuylkill FCI on/about June 2016. Defendant Foulds had a sex-addiction and sought out Plaintiff to satisfy her desires and apparently to hurt her husband because of his infidelity. Defendant Foulds threatened Plaintiff that she would scream rape if he did not perform as her personal sex slave. Plaintiff was being repeatedly raped because of the threat and his circumstances of being a prisoner.

Plaintiff rationalized that they would readily believe Defendant Foulds, a white female BOP employee, over anything he could say as a black federal prisoner.

Pursuant to BOP Policy Defendant Fould's underwent [sex abuse training] as a new employee at the BOP who would be working around inmates. Therefore, she was keenly aware that her actions were in violation of the relevant BOP Policies and further knew that her manipulations/threats to fulfill her sexual desires at the Plaintiff's expense, did, in all things constitute rape.

Once Defendant Foulds (husband) notified BOP Officials and reported the ongoing sexual intercourse --- she did in fact, true to her threats, screamed rape under the contention that Plaintiff would have her family killed if she didn't perform sex with Plaintiff. This is exactly why ___OVER___→

BOP Officials did not ultimately accept her lie in that regard, and she resigned from her employee employment to elude criminal prosecution.

Plaintiff believes Defendant Foulds confessions to what was actually taking place, was limited in scope. Be it directed, or done

in re: p.18

→ Plaintiff was roughed up by the two CO's while
~~while~~ in the S.H.U. in Schuylkill.

on her own to prevent rape charges being brought against her.

As addressed supra, Plaintiff has suffered extensive mental anguish, including suicidal issues requiring psychiatric treatment and medications. The totality of the retaliation befalling Plaintiff is excessive. Starting with being roughed up by two Officers when initially placed in the SHU in Schuylkill upon disclosure of the sexual abuse. It appears that being slammed by those officers ultimately caused a blood clot in the leg that required emergency hospitalization and life-long blood thinner medication requirements. The repeated transfers and threats received by BOP Officials along the way have caused extream emotional distress. To date, Plaintiff is scheduled to see the psychologist which will result in additional sex abuse consultations by outside experts. Plaintiff also suffers anxiety from concerns of having contracted an STD. Specifically, concerned of contracting, having contracted HIV because of Defendant Foulds bragged upon sexual encounters with numerous sex partners, including her being a "swinger". HIV may take years to develop to a degree that will be diagnosed through blood testing,

-10-

Eighth Amendment Claim: To state a claim under the Eighth Amendment, Petitioner must satisfy an objective element and subjective element. Wilson v. Seiter, 501 U.S. 294 at 298-99 (1991)(same).

The objective element questions whether the deprivation of a basic human need is sufficiently serious.

The aforementioned facts and circumstances satisfy the objective element. Repeated sexual abuse/assault constituting rape of Plaintiff, by a BOP Employee, deprived safekeeping and in turn, the sadistic sexual addition of Defendant Foulds caused devistating harm. All standards of decency were egregiously violated, repeatedly.

The subjective component asks whether the official acted with a sufficiently culpable state of mind.

The new employee training forewarned Defendant Foulds that the BOP has a zero tolerance policy regarding sexual abuse/assault. Disregarding same, Defendant Foulds, on her own accord initiated a stalking type action to pull Plaintiff into her sexual additions for her self gratification,

- 30 -

(infidelity)

Defendant Foulds twisted sexual desires were compounded by the problems within her marriage. In part, stemming from the ~~confidentiality~~ of her husband and her quest to hurt him for same.

Defendant Foulds decision to scream rape and advise officials, upon any disclosure of her sexual scheme, to say Plaintiff threatened to have her family killed if she didn't have sex with Plaintiff --- further shows the extent of her sex addiction and her knowledge of what she was doing was against BOP Plicy and the law. Her collective conduct is unacceptable, against all standards of decency.

Defendant Foulds [threats] of screaming rape and advising that Plaintiff threatened to have her family killed if she didn't have sex -- is exactly what she did when disclosure of the sexual intercourse was reported to the BOP Officials by her husband.

Being faced with such threats by Defendant Foulds, it becomes readily understandable why the Plaintiff did not report her sexual abuse to BOP Officials. After all, looking at

-31-

the situation in a rational manner from Plaintiff's perspective, i.e., being a black crack dealer doing federal prison time, there is no doubt who the officials would believe [if] the sexual abuse/rape was reported by the Plaintiff. They would, as they initially did, believe the white woman and BOP employee.

In conclusion, the sexual abuse/assault constituting rape, was extream, severe and repetitive. More than sufficiently serious enough to constitute substantial Eighth Amendment violations. Said sexual abuse/rape has caused severe physical and psychological harm. Defendant Foulds conduct, is criminal and beyond any type of aceptable aceptance.

Respectfully, the factual alligations in this case meet both the subjective and objective elements of the constitutional test. The Eighth Amendment claim is established.

The aforementioned Retaliation Sub-Claim and Equitable Tolling facts and arguments are incorporated herein and again relied upon. All other named defendants, including John Does, are part of, and accountable to this Bivens Claim. Their actions, outlined supra are also incorported herein and relied on.

-22-

## QUALIFIED IMMUNITY DOCTRINE

Any potential reliance on the qualified immunity doctrine does not exist in this case. The named defendants/government officials were both unreasonable and unlawful. Their egregious conduct violated clearly established statutory and/or constitutional rights of which a reasonable person would have known. Their actions were wholly unjustified. Especially Defendant Foulds.

## REQUEST FOR LEAVE TO AMEND

Plaintiff, proceeding pro se with this complaint understandably request leave to amend any short-comings herein. To a lay person, the civil litigation is a complex matter.

## REQUEST FOR RELIEF

Plaintiff claims damages in the form of past and future pain and mental anguish, including past and future psychiatric stress, and involving loss of future enjoyment of life. Any future compensation needed for medical issues that may arise, medications, etc... Plaintiff seeks two million dollars in damages and any other equitable relief as the Court deems just and proper. Including reasonable

- 23 -

cost for litigation expenses, attorney and/or any necessary expert fees, etc... Whatever the jury ~~may~~ determines to be meaningful compensation for all of the damages addressed herein.

Respectfully submitted,

Jermaine Bradford

B) Jermain Bradford

Plaintiff - Pro Se

## REQUEST FOR JURY TRIAL

Plaintiff seeks to invoke his right to trial by a jury.

Signed: Jermaine Bradford

Dated: June 11, 2019

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| Regional Director<br>2nd Chestnut ST<br>7th Flr<br>Philadelphia, PA 19106 | Branford, Jermaine    12474-052<br>Post Office Box 33<br>Terre Haute, IN 47808 |

| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY  ☐ CIVILIAN | 4. DATE OF BIRTH | 5. MARITAL STATUS<br>Single | 6. DATE AND DAY OF ACCIDENT<br>06/17/2017 | 7. TIME (A.M. OR P.M.)<br>UNK |
|---|---|---|---|---|

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

SEE ATTACHED

9. PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

N/A

10. PERSONAL INJURY/WRONGFUL DEATH

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

SEE ATTACHED

| 11. WITNESSES | |
|---|---|
| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
| | |

| 12. (See instructions on reverse). | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
| | $2,000,000.00 | | $2,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| *Jermaine Branford* | N/A | 3/20/19 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.)  *Attachment- A* |

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)<br>PRESCRIBED BY DEPT. OF JUSTICE<br>28 CFR 14.2

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident insurance? ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. ☒ No

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible? ☐ Yes ☒ No   17. If deductible, state amount.

N/A

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts.)

N/A

19. Do you carry public liability and property damage insurance? ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). ☐ No

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident.  If the incident involves more than one claimant, each claimant should submit a seperate claim form.**

### Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A <u>SUM CERTAIN</u> FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN <u>TWO YEARS</u> AFTER THE CLAIM ACCRUES.

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid.  A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted.  Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations.  If more than one agency is involved, please state each agency.

The claim may be filled by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant.  A claim presented by an agent or legal representative must be presented in the name of the claimant.  If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a)  In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b)  In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c)  In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident.  Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d)  Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
   A.  *Authority:*  The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B.  *Principal Purpose:*  The information requested is to be used in evaluating claims.
C.  *Routine Use:*  See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D.  *Effect of Failure to Respond:*  Disclosure is voluntary.  However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501.  Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.  Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention:  Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC  20530 or to the Office of Management and Budget.  Do not mail completed form(s) to these addresses.

STANDARD FORM 95 REV. (2/2007) BACK

ATTACHMENT

This informal resolution deals with sexual assault/battery by a now former employee of the Bureau of Prisons. On 17 June 2017 I was sexually assaulted by Unit Secretary Katie Foulds at FCI Schuylkill. The mental abuse started in February 2017 and it eventually led to me being sexually assaulted in June of that year. I strongly feel that the BOP has not done enough in terms of counseling me, besides allowing an advocate to see me two (2) times after the incident was reported. Sexual abuse of prisoners by staff violate the constitution. I feel that I was forced to make a medical decision with the looming threat that if I didnt do certain things, I would be transferred to another institution, behind this abuse.

The BOP has not helped in terms of the mental and physical abuse and it has been over a year, and it was all done at the hands of one of their own staff members. I request counseling for the duration of my incarceration from an independent provider and $2,000,000.00 for compensatory damages, mental and physical abuse, and the violation of my Eighth Amendment right to be free from cruel and unusal punishment.

Respectfully submitted,

Jermaine Branford
12474-052

_Jermaine Branford_
3/20/19



**U.S. Department of Justice**

Federal Bureau of Prisons

*Northeast Regional Office*

---

U.S. Custom House
2nd & Chestnut Streets - 7ᵗʰ Floor
Philadelphia, PA. 19106

April 8, 2019

Jermaine Branford, Reg. No. 12474-052
FCI Schuylkill
P.O. Box 759
Minersville, PA  17954

Re:  Administrative Claim **Received April 1, 2019**
     Claim No. TRT-NER-2019-03520

Dear Mr. Branford:

     This will acknowledge receipt of your administrative claim for an alleged loss of personal property or personal injury at FCI Schuylkill.

     Under the provisions of the applicable federal statutes, we have **six months from the date of receipt** to review, consider, and adjudicate your claim.

     All correspondence regarding this claim should be addressed to Federal Bureau of Prisons, Northeast Regional Office, Room 701, U.S. Custom House, 2nd & Chestnut Street, Philadelphia, Pennsylvania 19106.  If the circumstances surrounding this claim change in any fashion, you should contact this office immediately.  Also, should your address change, you should contact this office in writing accordingly.

                              Sincerely,

                              Darrin Howard
                              Regional Counsel

*Attachment - B

Attachment 1

**FCC Terre Haute**
**Attempt at Informal Resolution**

| Inmate Name: | Reg. No.: | Unit: |
|---|---|---|
| Branford, Jermaine | 12474-052 | F-074L |

**Notice to Inmate:** Ordinarily, prior to filing a Request for Administrative Remedy, BP-229 (13), you must attempt to informally resolve your complaint with staff.

| Dept. Assigned: | | Due Date: | |
|---|---|---|---|

**Section 1:** Briefly state inmate's complaint and requested corrective action(s):

SEE ATTACHED

**Section 1a: ~ Informally Resolved/Complaint Withdrawn**

| Inmate's signature | Date | Staff Printed Name/Signature |
|---|---|---|

**Section 1b: ~ No Informal Resolution/Progress to BP-9**

| Jermaine Branford | 6-25-18 | A BAKER |
|---|---|---|
| Inmate's signature | Date | Staff Printed Name/Signature |

**Section 2:** Document efforts to resolve the matter to include policies reviewed. Note any reasons an informal resolution could not be achieved. Inmate unwilling to informally withdrawl and requested to proceed to the BP-9. Psychology staff have been contacted to provide inmate with the telephone number to the local Sexual Abuse Advocacy.

RECEIVED
JUL 1 6 REC'D
TERRE HAUTE

**Section 3: DEPARTMENT HEAD REVIEW**

| A BAKER | for | 6-26-18 |
|---|---|---|
| Dept. Head Name Printed//Signature | | Date |

The Department Head may assign to other departmental staff; however, the Department Head must sign as having reviewed prior to returning to the assigned Counselor. If the inmate agrees to informally resolve his complaint, Section 2 does not need to be completed. Section 2 is only completed if the inmate declines to informally resolve and requests to progress to the BP-9.

*BP-8, 9, 10, and 11 ———— *Attachments- C 6-25-18

ATTACHMENT

This informal resolution deals with sexual assault/battery by a now former employee of the Bureau of Prisons. On 17 June 2017 I was sexually assaulted by Unit Secretary Katie Foulds at FCI Schuylkill. The mental abuse started in February 2017 and it eventually led to me being sexually assaulted in June of that year. I strongly feel that the BOP has not done enough in terms of counseling me, besides allowing an advocate to see me two (2) times after the incident was reported. Sexual abuse of prisoners by staff violate the constitution. I feel that I was forced to make a medical decision with the looming threat that if I didnt do certain things, I would be transferred to another institution, behind this abuse.

Respectfully submitted,

Jermaine Branford
12474-052



BRA



**U.S. Department of Justice**
Federal Bureau of Prisons

*Federal Correctional Complex*
*Terre Haute, Indiana*

☑ Institution ☐ Region ☐ Central

2/F _____ Unit

# Receipt of
# Administrative Remedy

Inmate Name: *Bramford, Jermaine* Reg. No.: *12474-052*

Administrative Remedy No.: *944851-F1*

Received on this ___2___ day of ___Sept___, 2018.

_____
Signature/Title of Staff

If Administrative Remedy is allowed to be resubmitted, it is due to a Unit Team staff member by ___9-28___, 2018.

Edits received by Unit Team on this _____ day of _____, 2018.

_____
Signature/Title of Staff

## Inmate Copy

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

---

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: | Branford, Jermaine | 12747-052 | F/74 | THA
--- | --- | --- | --- | ---
 | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

Part A– INMATE REQUEST

I am appealing the decision of SIS Lt. Baker, as just some boilerplate response given to try to get an inmate to withdraw their claims. I was sexually assaulted by Bureau of Prisons Employee Katie Foulds, nothing has been done in terms of real remedies. Since the incident, I had to request information for the Sexual Abuse Advocacy Service. This is unacceptable, since what I am suffering from is the direct result of a Bureau employee. "Any sexual assault of a prisoner by a prison employee constitutes cruel and unusual punishment. Rodriguez v McClenning, 399 F.Supp. 2d 228, 237-38 (SD NY 2005). The BOP ABSOLUTELY NOTHING to prevent this. I request compensation in the amount of $2,000,000.00 and paid counseling until I release from BOP custody.

01 July 2018
_____
DATE

X Jermaine Branford
_____
SIGNATURE OF REQUESTER

Part B– RESPONSE



_____
DATE

_____
WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE

CASE NUMBER: _____

CASE NUMBER: 946851-F1

Part C– RECEIPT

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

SUBJECT: _____

_____
DATE

_____
RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP–229(13)

Remedy No.: 946851-F1                         FCC Terre Haute, IN

## PART B - RESPONSE

This is in response to your Administrative Remedy receipted on July 16, 2018 in which you allege staff misconduct. As relief, you request compensation in the amount of $2,000,000.00 and paid counseling until released from the Bureau of Prisons.

A review of your allegation was conducted and indicated you were transferred from FCI Schuylkill, PA because of an ongoing staff investigation. As a result of the investigation you were subsequently transferred to FCI Terre Haute, IN to accommodate your security and programming needs. Psychology staff are aware of your situation and have provided counseling along with a telephone number to the local Sexual Assault Victim Advocacy-Council on Domestic Abuse to assist you.

All staff are held to a high standard of treating inmates fairly, impartially, and humanely. Mistreatment of inmates is not tolerated. Therefore, this matter will be thoroughly reviewed and if it is determined staff acted inappropriately, this issue will be forwarded to the proper investigative authority. However, you will not receive information regarding the outcome of any staff investigation.

Per Program Statement 1320.06, <u>Federal Tort Claims Act</u>, a claim for money damages for personal injury or death and/or damage to or loss of property must be filed against the United States by the injured party with the appropriate Federal agency for administrative action. General provisions for processing administrative claims under the Federal Tort Claims Act are contained in 28 CFR part 14. The provisions in this subpart describe the procedures to follow when filing an administrative tort claim with the Bureau of Prisons.

Therefore, this response to your Request for Administrative Remedy is for informational purposes only.

If you are dissatisfied with this response, you may appeal to the Regional Director, North Central Regional Office, Federal Bureau of Prisons, 400 State Avenue, Tower II, Suite 800, Kansas City, Kansas 66101. Your appeal must be received within 20 calendar days of the date of this response.


_8-28-18_
Date

_J. R. Bell, FCI Warden_

BP-10



**-U.S. Department of Justice**
Federal Bureau of Prisons

*Federal Correctional Complex*
*Terre Haute, Indiana*

☐ Institution   ⊗ Region   ☐ Central

2F/C _____ Unit

# Receipt of
# Administrative Remedy

Inmate Name: ___Branford___   Reg. No.: ___12474-052___

Administrative Remedy No.: ___946851-R1___

Received on this ___9___ day of ___Nov___, 2018.

_____
Signature/Title of Staff

If Administrative Remedy is allowed to be resubmitted, it is due to a Unit Team staff member by _____, 2018.

Edits received by Unit Team on this _____ day of _____, 2018.

_____
Signature/Title of Staff

Inmate Copy

U.S. Department of Justice

**Regional Administrati  Remedy Appeal**

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies.  One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: Branford, Jermaine        12474-052      F          THA

| | | | |
|---|---|---|---|
| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A—REASON FOR APPEAL**   I am appealing the decision of the Warden, as just some boilerplate response given to try to get an inmate to withdraw their claims. I was sexually assaulted by Bureau of Prisons employee Katie Foulds, nothing has been done in terms of real remedies. I was given a local Advocacy Service number, but nothing more. I understand that all staff are held to a high standard of treating inmates fairly, impartially, and humanely. Mistreatment of inmates is not tolerated. We are beyond that, I was sexually assaulted by a BOP employee, we can't un-ring that bell and now its time to pony up to real world compensation. "Any sexual assault of a prisoner by a prison employee constitutes cruel and unusual punishment. Rodriguez v McClenning, 399 F. Supp 2d 228, 237-38 (SD NY 2005). The BOP did absolutely nothing to prevent this, I request compensation in the amount of $2,000,000.00 and paid counseling until I release from BOP custody.

O7 September 2018

x _Jermaine Branford_

| | |
|---|---|
| DATE | SIGNATURE OF REQUESTER |

**Part B—RESPONSE**

RECEIVED
SEP 17 2018
REGIONAL DIRECTOR'S OFFICE
NORTH CENTRAL REGION

| | |
|---|---|
| DATE | REGIONAL DIRECTOR |

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                       CASE NUMBER: 946851-R1

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____

| | | | |
|---|---|---|---|
| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

SUBJECT: _____

**U.S. Department of Justice**
**Federal Bureau of Prisons**
**North Central Regional Office**

**Regional Administrative Remedy Appeal**
**Part B - Response**

**Administrative Remedy Number:**   946851-R1

This is in response to your Regional Administrative Remedy Appeal received in this office on September 17, 2018, in which you allege you were sexually assaulted by a staff member while housed at Federal Correctional Institution Schuylkill, Pennsylvania.   For relief, you request monetary compensation in the amount of $2,000,000 and paid counseling throughout your incarceration.

Program Statement 5324.12, Sexually Abusive Behavior Prevention and Intervention Program states, "The agency shall ensure that an administrative or criminal investigation is completed for all allegations of sexual abuse and sexual harassment."   Your original allegation was referred to the appropriate authorities for investigation.

Regarding your claim for monetary compensation, monetary damages may not be awarded via the administrative remedy process.   If you wish to seek monetary compensation based on the negligence of staff, you must file your claim through the administrative procedures applicable to the basis of your claim (i.e. 31 U.S.C. § 3723 or the Federal Tort Claims Act).

In reference to your request for counseling, Program Statement 5324.12, Sexually Abusive Behavior Prevention and Intervention Program states, "The facility shall provide inmates with access to outside victim advocates for emotional support services related to sexual abuse by giving inmates mailing addresses and telephone numbers, including toll-free hotline numbers where available, of local, State, or national victim advocacy or rape crisis organizations, and, for persons detained solely for civil immigration purposes, immigrant services agencies.   The facility shall enable reasonable communication between inmates and these organizations and agencies, in as confidential a manner as possible."   Accordingly, the institution provided you the above information, and staff from the Psychology Department are available to address your concerns.

Based on the above, this response to your Regional Administrative Remedy Appeal is for informational purposes only.

If you are dissatisfied with this response, you may appeal to the Office of General Counsel, Federal Bureau of Prisons, 320 First Street, NW, Washington, DC 20534.   Your appeal must be received in the Office of General Counsel within 30 days from the date of this response.

10/26/18
_____
Date

_____
Amber L. Nelson, Acting Regional Director

EXTENSION OF TIME FOR RESPONSE - ADMINISTRATIVE REMEDY


DATE: NOVEMBER 5, 2018


FROM: ADMINISTRATIVE REMEDY COORDINATOR
      NORTH CENTRAL REGIONAL OFFICE

TO  : JERMAINE BRANFORD, 12474-052
      TERRE HAUTE FCI    UNT: 2    QTR: F04-117L


ADDITIONAL TIME IS NEEDED TO RESPOND TO THE REGIONAL APPEAL
IDENTIFIED BELOW.  WE ARE EXTENDING THE TIME FOR RESPONSE AS PROVIDED
FOR IN THE ADMINISTRATIVE REMEDY PROGRAM STATEMENT.


REMEDY ID      : 946851-R1
DATE RECEIVED  : SEPTEMBER 17, 2018
RESPONSE DUE   : NOVEMBER 16, 2018
SUBJECT 1      : PREA - SEXUAL ABUSE BY STAFF
SUBJECT 2      :

RECEIPT - ADMINISTRATIVE REMEDY

DATE: SEPTEMBER 19, 2018

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      NORTH CENTRAL REGIONAL OFFICE

TO  : JERMAINE BRANFORD, 12474-052
      TERRE HAUTE FCI   UNT: 2    QTR: F04-124L

THIS ACKNOWLEDGES THE RECEIPT OF THE REGIONAL APPEAL
IDENTIFIED BELOW:

REMEDY ID      : 946851-R1
DATE RECEIVED  : SEPTEMBER 17, 2018
RESPONSE DUE   : OCTOBER 17, 2018
SUBJECT 1      : PREA - SEXUAL ABUSE BY STAFF
SUBJECT 2      :



EXTENSION OF TIME FOR RESPONSE - ADMINISTRATIVE REMEDY


DATE: MAY 8, 2019



FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : JERMAINE BRANFORD, 12474-052
      TERRE HAUTE FCI    UNT: 3    QTR: M04-071L



ADDITIONAL TIME IS NEEDED TO RESPOND TO THE CENTRAL OFFICE APPEAL
IDENTIFIED BELOW.  WE ARE EXTENDING THE TIME FOR RESPONSE AS PROVIDED
FOR IN THE ADMINISTRATIVE REMEDY PROGRAM STATEMENT.


REMEDY ID       : 946851-A3
DATE RECEIVED   : APRIL 17, 2019
RESPONSE DUE    : JUNE 16, 2019
SUBJECT 1       : PREA - SEXUAL ABUSE BY STAFF
SUBJECT 2       :

U.S. Department of Justice

Federal Bureau of Prisons

Central Office Administrative Remedy Appeal

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: Branford Jermaine       12474-052       F       THA
       LAST NAME, FIRST, MIDDLE INITIAL       REG. NO.       UNIT       INSTITUTION

Part A—REASON FOR APPEAL

I am appealing the decision of the Regional Director as both
non sensical and yet another display of how the Bureau of prisons
shirks its responsibility to inmates in their care. I was sexually
assaulted by a staff member and the Bureau of prisons wants
me to contact an advocacy service on the phone the Bureau
unbelievable chutzpah for lack of a better word, My demand
remains the same $2,000,000.00 and actual counseling, the
Bureau of prisons shapes it's program statements and policies

11/26/18 — See attached form — Jermaine Branford
DATE                                SIGNATURE OF REQUESTER

Part B—RESPONSE

_____                    _____
DATE                                   GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE
                                       CASE NUMBER: _____

Part C—RECEIPT
                                       CASE NUMBER: _____

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL       REG. NO.       UNIT       INSTITUTION

SUBJECT: _____

_____                    _____
DATE                                   SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

BP-231(13)

through lawsuits and the results of Such and that Where this is headed. Bop fired and/or let Katie foulds go because what she admitted to doing to me. Now the Bureau of prisons must do the right thing...

Please consider this a full exhaustion of my administrative rememdies...

Certified Mail No.:

To, Clerk of Court (MD-PA)                                    6-11-19

RE: Jermain Bradford v. United States
     Bradford v. Katie Foulds, et all

FILED
HARRISBURG, PA

JUN 17 2019

PER: _____
DEPUTY CLERK

Dear Clerk of Court,

Please file the enclosed Civil Actions and Attachments.

Please Note: I have the original being typed at this time.
For various reasons outside of my control the access to the
law library/type writers has been impeded, thus the reason
for the copy for filing. (And Filing deadline issues)

I will be submitting the typed civil complaints in the very
near future and would appreciate getting it into place
of the hand written one.

Finally, I will be submitting my motion to proceed
in forma pauperis on the complaints. I am waiting
on a print-out of my account activity for the
past six months.

Thank you for your assistance. Please send me
notice of receiving and filing the complaints.
     Sincerely, Jermaine Bradford



JERMAINE Branford 12474-052
FCI Terre Haute
P.O. Box 33
Terre Haute IN, 47808

RECEIVED
HARRISBURG, PA

JUN 1 7 2019

Per _____
Deputy Clerk

⇔12474-052⇔
Clerk Court
228 Walnut
Harrisburg, PA 17108
United States

Legal Mail

JUN 12 2019

FEDERAL CORRECTIONAL COMPLEX
4700 BUREAU ROAD SOUTH
TERRE HAUTE, IN 47802
DATE:

The enclosed letter was processed through special mailing procedures for
forwarding to you. The letter has been neither opened nor inspected.
If the writer raises a question or problem over which this facility has
jurisdiction, you may wish to return the material for further information
or clarification. If the writer encloses correspondence to be forwarded
to another individual, please return to the above listed address.