IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JERMAINE BRANFORD, | : CIVIL ACTION NO. 1:19-CV-1023 |
| Plaintiff | : (Judge Conner) |
| v. | : |
| UNITED STATES OF AMERICA, *et al.*, | : |
| Defendants | : |

## MEMORANDUM

Plaintiff Jermaine Branford ("Branford"), an inmate in the custody of the Federal Bureau of Prisons ("BOP"), commenced this Bivens[1] and Federal Tort Claims Act ("FTCA")[2] action on June 11, 2019.  (Doc. 1).  Branford alleges that while incarcerated at the Federal Correctional Institution at Schuylkill ("FCI-Schuylkill"), Pennsylvania, a BOP Secretary coerced him into having sex with her and that defendants retaliated against him due to those sexual encounters.  Named as defendants are the United States of America ("United States"), Unit Manager Raup,

---

[1] Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971).  Bivens stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal-question jurisdiction of the district courts to obtain an award of monetary damages against the responsible federal official."  Butz v. Economou, 438 U.S. 478, 504 (1978).

[2] The FTCA vests exclusive jurisdiction in district courts for claims against the United States for money damages involving "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."  28 U.S.C. § 1346(b)(1).

Lieutenant Reedy, Lieutenant Cain, BOP Secretary Foulds, Lieutenant Smith, Counselor Newton, and various John Does. Before the court is a Rule 12(b) motion (Doc. 21) to dismiss filed by defendants Raup, Reedy, Cain, and the United States. For the reasons set forth below, the court will grant the motion.

With respect to defendants Foulds, Smith, Newton, and the John Does, the Waivers of the Service of the Summons have been returned as unexecuted with notations that the individuals either no longer work for the BOP or are unable to be identified. (Doc. 17; Doc. 20). The court will dismiss the action against defendants Foulds, Smith, Newton, and the John Does pursuant to Federal Rule of Civil Procedure 4(m).

## I.     Factual Background & Procedural History

Branford alleges that while housed at FCI-Schuylkill in 2016-2017, BOP Secretary Foulds coerced him into having sex on multiple occasions. (Doc. 1 at 7-9; Doc. 9 at 5-7). He alleges that when the other defendants learned of the sexual encounters, they retaliated against him through transfers to different correctional institutions, threats, an assault, denials of medical treatment, and interference with the administrative remedy procedure. (Doc. 1 at 10-12, 20-24; Doc. 9 at 8-10, 17-19).

Branford sets forth a Federal Tort Claims Act negligence claim against the United States. (Doc. 1 at 14-19; Doc. 9 at 2, 13-16). He also sets forth an Eighth Amendment cruel and unusual punishment claim against defendant Foulds, (Doc. 1 at 24-32; Doc. 9 at 2, 4-7, 19-20), and a First Amendment retaliation claim against defendants Raup, Reedy, Cain, and other unnamed individuals, (Doc. 1 at 10-12, 20-24; Doc. 9 at 2, 17-19).

Defendants move to dismiss Branford's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). (Doc. 21). The motion is fully briefed and ripe for disposition.

## II.     Legal Standards

### A.     Federal Rule of Civil Procedure 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) authorizes a court to dismiss an action for lack of subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). Motions brought under Rule 12(b)(1) may present either a facial or factual challenge to the court's subject matter jurisdiction. Gould Elecs., Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000). In reviewing a facial challenge under Rule 12(b)(1), the standards associated with Rule 12(b)(6) are applicable. See id. In this regard, the court must accept all factual allegations in the complaint as true, and the court may consider only the complaint and documents referenced in or attached to the complaint. In a factual challenge to the court's subject matter jurisdiction, the court's analysis is not limited to the allegations of the complaint, and the presumption of truthfulness does not attach to the allegations. Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). Instead, the court may consider evidence outside the pleadings, including affidavits, depositions, and testimony, to resolve any factual issues bearing on jurisdiction. Gotha v. United States, 115 F.3d 176, 179 (3d Cir. 1997).

Once the court's subject matter jurisdiction over a complaint is challenged, the plaintiff bears the burden of proving that jurisdiction exists. Mortensen, 549 F.2d at 891. If a dispute of material fact exists, "the court must conduct a plenary

3

hearing on the contested issues prior to determining jurisdiction." McCann v. Newman Irrevocable Tr., 458 F.3d 281, 290 (3d Cir. 2006); see also Berardi v. Swanson Mem'l Lodge No. 48, 920 F.2d 198, 200 (3d Cir. 1990) (stating that a district court must ensure that a plaintiff has "had an opportunity to present facts by affidavit or by deposition, or in an evidentiary hearing," to support his claim of jurisdiction (citation omitted)).

### B.     Federal Rule of Civil Procedure 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also *In re* Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." Phillips v. Cty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint in the

face of a Rule 12(b)(6) motion, the court must conduct a three-step inquiry. See Santiago v. Warminster Twp., 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim should be separated; well-pleaded facts must be accepted as true, while mere legal conclusions may be disregarded. Id.; see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the well-pleaded factual allegations have been isolated, the court must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

**III.    Discussion**

    **A.    FTCA Claim**

The BOP has an administrative tort claim process through which an inmate can seek compensation from the United States for personal injury, wrongful death, or loss of property. See 28 C.F.R. §§ 543.30-543.32; BOP Program Statement ("Program Statement") 1320.06.[3] Specifically, BOP inmates may commence an administrative tort claim pursuant to the FTCA by filing a claim with the Regional

---

[3] Program Statement 1320.06 is available at http://www.bop.gov through the "Policy & Forms" link.

Office.  See 28 C.F.R. § 543.31(c); Program Statement 1320.06 at 3-4.  If the claim is denied, the inmate can "request, in writing, that the Bureau of Prisons reconsider [the] claim in the administrative stage."  28 C.F.R. § 543.32(g); Program Statement 1320.06.  If the inmate is "dissatisfied with the final agency action," he may then file suit in federal court.  28 C.F.R. § 543.32(g); Program Statement 1320.06 at 7.  "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."  28 U.S.C. § 2401(b).

     On March 20, 2019, Branford filed Administrative Tort Claim Number TRT-NER-2019-03520 with the BOP Northeast Regional Office alleging that he was mentally abused and sexually assaulted by a unit secretary at FCI-Schuylkill.  (Doc. 1 at 35-37; Doc. 9-1 at 2-4).  He also alleged that the BOP failed to adequately treat him for the abuse.  (Doc. 1 at 37; Doc. 9-1 at 4).  Branford sought compensation in the amount of $2,000,000.00.  (Doc. 1 at 35, 37; Doc. 9-1 at 2, 4).  On April 1, 2019, the Northeast Regional Office acknowledged receipt of the claim and informed Branford that the agency had six months from April 1, 2019, to review, consider, and adjudicate the claim.  (Doc. 1 at 38; Doc. 9-1 at 1).  On June 11, 2019, prior to the receipt of the disposition of Administrative Claim Number TRT-NER-2019-03520, Branford filed the instant complaint.  (Doc. 1).  On September 30, 2019, the Northeast Regional Office denied Administrative Tort Claim Number TRT-NER-2019-03520.  (Doc. 22-2).

Under the FTCA, a plaintiff may not bring suit against the United States "for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing." 28 U.S.C. § 2675(a). "It is a jurisdictional prerequisite to a suit under the FTCA that a plaintiff have exhausted all administrative remedies." Santos *ex rel.* Beato v. United States, 559 F.3d 189, 193 (3d Cir. 2009) (finding that to make a claim under the FTCA, a claimant first must file the claim with the administrative agency allegedly responsible for the injuries) (citations omitted). It is clear that Branford failed to fully exhaust his FTCA administrative remedies prior to filing suit. Consequently, the court lacks jurisdiction to consider his claims under the FTCA. See, e.g., Bialowas v. United States, 443 F.2d 1047, 1049 (3d Cir. 1971); Bieregu v. Ashcroft, 259 F. Supp. 2d 342, 354-55 (D.N.J. 2003) (noting at PLRA screening stage that a district court lacks jurisdiction over an FTCA claim until the claimant has exhausted administrative remedies) (citing McNeil v. United States, 508 U.S. 106 (1993); Deutsch v. United States, 67 F.3d 1080, 1091 (3d Cir. 1995)). The court will grant defendants' motion to dismiss the FTCA claim.

**B.     Bivens Claim**

Branford alleges that defendants Raup, Reedy, Cain, and other unnamed individuals transferred him to various correctional institutions, threatened and assaulted him, denied him medical treatment, and thwarted his efforts to exhaust administrative remedies in retaliation for his sexual encounters with the BOP

7

secretary. (Doc. 1 at 10-12, 20-24; Doc. 9 at 8-10, 17-19). The court must first determine whether, in light of Ziglar v. Abbasi, 582 U.S. ___, 137 S. Ct. 1843 (2017), a Bivens remedy is available for this First Amendment retaliation claim. In Ziglar, the Supreme Court cautioned that "expanding the Bivens remedy is now a 'disfavored' judicial activity" and set forth a two-part test to determine whether a Bivens claim may proceed. Ziglar, 137 S. Ct. at 1857 (quoting Iqbal, 556 U.S. at 675). First, courts must determine whether the case presents a new Bivens context. See id. at 1859. "If the case is different in a meaningful way from previous Bivens cases decided by th[e] [Supreme] Court, then the context is new." Id. Second, if the case presents a new context, a court must then consider whether any alternative remedies exist. Id. at 1859-60. Even absent alternative remedies, a court must also consider whether special factors counsel against extending the Bivens remedy. Id.

Post-Ziglar, the United States Court of Appeals for the Third Circuit has repeatedly held that Bivens may not be extended to First Amendment retaliation claims in the prison context. See Bistrian v. Levi, 912 F.3d 79, 96 (3d Cir. 2018) ("[T]he retaliation claim is not a recognized Bivens remedy[.]"); Vanderklok v. United States, 868 F.3d 189, 198 (3d Cir. 2017) ("The Supreme Court has never implied a Bivens action under any clause of the First Amendment."); Watlington on behalf of FCI Schuylkill African Am. Inmates v. Reigel, 723 F. App'x 137, 139-40 (3d Cir. 2018) (nonprecedential) (affirming dismissal of a First Amendment retaliation claim brought by a federal prisoner against correctional staff); Mack v. Yost, No. 18-3504, 2020 WL 4459994, ___ F. 3d ___ (3d Cir. Aug. 4, 2020) (holding that Bivens does not extend to a First Amendment retaliation claim by a federal inmate alleging he

8

was terminated from his prison job in retaliation for complaining about harassment by correctional officers). Specifically, the Third Circuit observed that "a First Amendment retaliation claim . . . may not apply to a Bivens claim against a federal official." Watlington, 723 F. App'x at 140 n.3 (citing Vanderklok, 868 F.3d at 199; Reichle v. Howards, 566 U.S. 658, 663 n.4 (2012)).

The court concludes that extending Bivens to Branford's First Amendment retaliation claim would be contrary to law. Accordingly, the court will dismiss the First Amendment retaliation claim.

## IV. **Federal Rule of Civil Procedure 4(m)**

Rule 4(m) sets forth the following time frame a plaintiff has to serve a defendant with the summons and copy of the complaint:

> If a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m).

Defendants Foulds, Smith, Newton, and the John Does were named in the complaint that was filed on June 11, 2019 and, to date, have not been served or identified in this case. The court must engage in a two-step process in determining whether to dismiss the non-served defendants or grant Branford additional time to effect service. "First, the district court should determine whether good cause exists for an extension of time. If good cause is present, the district court must extend time for service and the inquiry is ended. If, however, good cause does not exist, the

9

court may in its discretion decide whether to dismiss the case without prejudice or extend time for service." Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1305 (3d Cir. 1995). Good cause requires good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance with the time specified in the rules. MCI Telecomm. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir. 1995). In determining whether good cause exists, a court's "primary focus is on the plaintiff's reasons for not complying with the time limit in the first place." Id. Although prejudice is a factor to be considered, the absence of prejudice to the opposing party alone does not constitute good cause to excuse late service. Id.

In the present matter, Branford failed to establish good cause. In response to the Rule 4 show cause order, Branford sought leave to amend the summons. (See Docs. 31, 32). Despite being granted leave to reissue the summons to defendants Foulds, Smith, Newton, and the John Does, Branford failed to properly serve the summons and complaint. Branford's *pro se* status is not good cause to excuse his failure to timely identify or serve these defendants. Veal v. United States, 84 F. App'x 253, 256 (3d Cir. 2004) (nonprecedential). Based upon the lack of any reasonable explanation for his failure to adhere to the requirements of Rule 4, the court finds that Branford failed to establish good cause.

If a plaintiff cannot show good cause for his failure to serve the defendant within 90 days, a district court may either dismiss the defendant or exercise its discretion to order that service be made within a specific time. Petrucelli, 46 F.3d at 1305; see also FED. R. CIV. P. 4(m). As noted, it is Branford's responsibility to properly identify all defendants, and provide accurate mailing addresses for the

10

defendants, in a timely fashion. (See Doc. 10 ¶ 4) (advising Branford that failure to properly name a defendant, or provide an accurate mailing address for a defendant, may result in dismissal of the claims against that defendant pursuant to Federal Rule of Civil Procedure 4(m)).

In light of Branford's lack of good faith effort to identify or serve these defendants despite this court's warning of the possible consequences, including dismissal, the court concludes that dismissal is appropriate under the present circumstances. The non-served defendants will be dismissed from this action.

## V.     Leave to Amend

When a complaint fails to present a *prima facie* case of liability, district courts must generally grant leave to amend before dismissing the complaint. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000). Specifically, the Third Circuit Court of Appeals has admonished that when a complaint is subject to dismissal for failure to state a claim, courts should liberally grant leave to amend "unless such an amendment would be inequitable or futile." Phillips, 515 F.3d at 245 (citing Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004)). For the reasons set forth above, Branford's claims against the defendants are legally flawed and thus incurable. Therefore, the court concludes that curative amendment would be futile.

## VI.     Conclusion

We will grant defendants' motion (Doc. 21) to dismiss.  We will also dismiss the action against defendants Foulds, Newton, Smith, and the John Does pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:     August 25, 2020